UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID KARL FIRNHABER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19 CV 56 |
| | ) |
| FAS PAK INC, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant's motion to dismiss. (DE # 8.) For the reasons set forth below, the motion will be granted.

### I. BACKGROUND

Plaintiff David Karl Firnhaber, proceeding without an attorney, alleges that defendant Fas Pak, Inc., discriminated against him on the basis of his disability, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 2000e to 2000e-17. (DE # 1.) Defendant has moved to dismiss on the basis that plaintiff's claims are time-barred. Plaintiff did not respond to the motion to dismiss, and the time to do so has passed. This matter is now ripe for ruling.

### II. LEGAL STANDARD

Defendant has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded

facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834, 839 (7th Cir. 2018). Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

### III. DISCUSSION

Defendant argues that plaintiff's claim is time-barred, and should therefore be dismissed. "Although the statute of limitations is an affirmative defense, dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate if the complaint contains everything necessary to establish that the claim is untimely." *Collins v. Village of Palatine, Ill.*, 875 F.3d 839, 842 (7th Cir. 2017).

"Under the ADA a plaintiff must file suit within ninety days of receiving notice of his right to sue." *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009); *see also* 42 U.S.C. § 2000e–5(f)(1). If a plaintiff does not file his claim within that 90-day window, his claim is time-barred. *Lloyd*, 552 at 600.

Here, according to the complaint, plaintiff received his Notice of Right to Sue letter on September 25, 2018. (DE # 1 at 1.) Nearly five months later, on February 11, 2019, plaintiff filed his complaint. (DE # 1.) Plaintiff's complaint was filed outside of the

2

90-day window, and therefore will be dismissed as untimely.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** defendant Fas Pak, Inc.'s motion to dismiss. (DE # 8.)

**SO ORDERED.**

Date: September 20, 2019

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT